787 So.2d 567 (2001)
Rose Dove EGLE
v.
John M. EGLE.
No. 00-1759.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*568 Charles Morris Rush, Rush, Rush & Calogero, Lafayette, LA, Counsel for Don M. Egle, Janet E. Harrison, Cajun Country Autoplex-Used Cars L.L.C., Cajun Country Autoplex L.L.C., Egle-Salsbury L.L.C., Egle Enterprises L.L.C., The Egle Group L.L.C.
Franklin White Dawkins, Attorney at Law, Lafayette, LA, Counsel for Tri-State Technologies L.L.C.
Philip Collins Kobetz, Attorney at Law, Lafayette, LA, Counsel for John M. Egle.
Walter Chillingworth Thompson Jr., Barkley & Thompson, New Orleans, LA, Counsel for Rose Dove Egle, Michelle A. Egle, John M. Egle, Jr., Lauren E. Egle.
Phillip Wesley Preis, Preis, Bergeron & Atkinson, Baton Rouge, LA, Counsel for Metal Technology, Inc.
James Parkerson Roy, Domengeaux & Wright, Lafayette, LA, Counsel for Rose Dove Egle, Lauren E. Egle, John M. Egle, Jr., Michelle A. Egle.
Leslie J. Schiff, Sandoz, Sandoz & Schiff, Opelousas, LA, Counsel for Clint L. Pierson, Jr.
John Haas Weinstein, Attorney at Law, Opelousas, LA, Counsel for Energy Environmental L.L.C.
Julius P. Hebert Jr., Hebert & Marceaux, Houma, Counsel for John M. Egle, Jr., Lauren E. Egle, Michelle A. Egle, Rose Dove Egle.
Thomas Harry Kiggans, Phelps, Dunbar, Baton Rouge, LA, Counsel for Smith Tri Tech Fishing Serv. Group of Smith Drilling & Comp.
Mark Powell Seyler, Barkley & Thompson, New Orleans, LA, Counsel for Michelle A. Egle, Rose Dove Egle, Lauren E. Egle, John M. Egle, Jr.
Steven Charles Lanza, Onebane, Bernard, Torian, Lafayette, LA, Counsel for Glenn P. Dauterive.
*569 Craig A. Ryan, Onebane, Bernard, Torian, Lafayette, LA, Counsel for Glenn P. Dauterive.
Jan Krzysztof Frankowski, Barkley & Thompson L.C., New Orleans, LA, Counsel for Rose Dove Egle, Michelle A. Egle, John M. Egle, Jr., Lauren E. Egle.
Christine S. Goldberg, Phelps, Dunbar, Baton Rouge, LA, Counsel for Smith Tri Tech Fishing Serv. Group of Smith Drilling & Comp.
Charles Malcolm Gordon, Preis, Bergeron & Atchison, Baton Rouge, LA, Counsel for Metal Technology, Inc.
Thomas Edward St. Germain, Attorney At Law, Opelousas, LA, Counsel for Energy Environmental L.L.C.
Nicholas Dale Doucet, Barkley & Thompson, New Orleans, LA, Counsel for Michelle A. Egle, Rose Dove Egle, Lauren E. Egle, John M. Egle, Jr.
Court composed of Chief Judge, NED E. DOUCET, JR., HENRY L. YELVERTON, and ELIZABETH A. PICKETT, Judges.
YELVERTON, J.
Rose Dove Egle, suing as the judicially appointed tutrix on behalf of her three minor children, appeals a judgment which granted an exception of prescription in favor of a defendant, Glenn P. Dauterive. Ms. Egle claims that the trial court erred in finding, on the facts alleged in the petitions and evidence produced at the hearing of the exception, that Dauterive was not solidarily liable with a timely sued original tortfeasor. We agree with Ms. Egle and reverse.

PLEADINGS
The petition and its three amending petitions are detailed and lengthy. They involve many claims and many defendants. The following procedural facts and allegations are taken from these pleadings.
Ms. Egle and John M. Egle married in 1979. They had three children. Three trusts for the benefit of the children were created during the marriage by a trust instrument dated April 19, 1994. The Egles divorced in February and entered into an extrajudicial partition of the community property in May 1996.
In October of 1997, Ms. Egle came to believe that John Egle had hidden community assets, failed to disclose the accurate valuation of certain community assets, and misrepresented both the assets of the community and the value of the community property. She filed suit against John Egle on January 2, 1998, asking for rescission of the community property partition, a full accounting, and damages.
Following discovery, Ms. Egle filed her first amending petition on August 25, 1998, adding claims and defendants to her individual suit. She was judicially appointed tutrix of her three minor children on August 3, 1998, and her first amending petition also stated claims as tutrix on behalf of her three minor children. On behalf of the children, she made claims against their father for misappropriation of funds from their trusts. This pleading also made claims on behalf of the children against John Egle's brother and sister, Janet E. Harrison and Don M. Egle, who were cotrustees of the trusts. She asserted the claims on behalf of her minor children as beneficiaries of the trusts pursuant to Louisiana Revised Statute 9:2222, which allows a beneficiary to sue to enforce a right of the trust when the trustee cannot or will not. The petition alleged that the co-trustees not only refused to enforce any rights the trusts may have had, but that they also actually participated in the schemes to divert money from the trusts in favor of her ex-husband.
*570 In the first amending petition a number of corporations and limited liability companies, which allegedly comprised a single business enterprise owned and controlled by John Egle, were added as defendants. She claimed that John Egle acquired, formed, funded, financed, operated, sold, and/or resold these business entities with funds and assets hidden from her or diverted from the community and the children's trusts. One of these was The Egle Group, L.L.C. (The Egle Group).
Dauterive was added as a defendant in a third amending petition filed on March 13, 2000. He filed the exception of prescription at issue in this case. In this third amending petition, Ms. Egle claimed that Dauterive was personally involved in, and individually benefitted from, one of the series of unlawful and wrongful transactions directed by John Egle. She claimed that the co-trustees, Harrison and Don Egle, acting at the direction of their brother, John Egle, and allegedly acting in dual capacities as managers of The Egle Group, and at the same time as co-trustees of the children's trusts, purportedly conveyed to Dauterive in April of 1994, a 12% ownership interest in The Egle Group. The recited purchase price of $18,000, said to have been paid simultaneously therewith, was supposedly funded by a loan in the same amount from John Egle to Dauterive. Ms. Egle alleged that the documents supposedly transferring the ownership interest to Dauterive were irregular and falsified. She alleged as patent proof of the falsification the fact that they were dated five days before the creation of the children's trusts and eight days before the formation of The Egle Group.
The Egle Group was a 50% owner of another defendant, Tri Tech Fishing Services, L.L.C., which was sold to Smith International, Inc., another defendant, on April 16, 1997, for more than $21 million dollars. Ms. Egle claims that the 12% interest (and other percentages) in The Egle Group should have continued to belong to the children's trusts and that the trusts should have received the portion of those sale proceeds attributed to Dauterive as a result of the alleged unlawful and wrongful transfer.
She claimed that the purported sale to Dauterive was a sham transaction, irregular on its face, in breach of the co-trustees' fiduciary duties, and absolutely, or in the alternative, relatively null. She additionally claimed that John Egle, Don Egle, Harrison, Dauterive, and The Egle Group conspired to divert the trusts' ownership interests in The Egle Group for a wholly inadequate price. She asserted that these defendants were liable in solido for their wrongful conduct as participants and conspirators in this breach of trust and fiduciary duty, and additionally for conversion and other intentional and wrongful acts.
In response to these pleadings Dauterive filed exceptions of no cause of action, no right of action, lack of procedural capacity, and prescription. A hearing on the exceptions was held at which Ms. Egle alone testified. The court ruled only on the exception of prescription, granting it. In finding that a one-year prescriptive period was applicable, the trial court ruled that Ms. Egle learned about the claim against Dauterive in 1998, but did not file suit until 2000. The court subsequently issued brief written findings of fact. Applying the one-year tort limitation, the court concluded that the claim was not saved from prescription by the allegation of solidary liability between the timely sued Egle defendants, and the untimely sued Dauterive. The factual basis for the trial court's conclusion was its finding that a solidary relationship did not exist between Dauterive and the other defendants.

*571 PRESCRIPTION
Louisiana Civil Code Article 2324(A) provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." The petitions clearly allege a conspiracy to wrongfully divest the trusts of a 12% interest in The Egle Group. The petitions allege that the Egle defendants and Dauterive conspired to intentionally divert the 12% interest to be held by Dauterive for the benefit of John Egle. The petitions allege that the diversion of these funds damaged the trusts and its beneficiaries and they pray for recovery against Egle and Dauterive in solido. Ms. Egle has pleaded that Dauterive is liable to the children's trusts in damages in the amount of $1,120,321.29, the amount of the proceeds of the April 1997 Smith/Tri Tech transaction allocated to Dauterive. This is the additional amount the three trusts would have received if they had still owned the interest in The Egle Group which was allegedly sold to Dauterive. She claimed that John Egle, the co-trustees, and The Egle Group are liable for the same damage. Ms. Egle clearly alleged the solidary liability of Dauterive with the Egle defendants.
Suit against one solidary obligor interrupts prescription as to other solidary obligors. La.Civ.Code art. 3503; Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993). When prescription is pleaded, the burden of proof is normally on the party pleading it. If on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescription. Id. If the plaintiffs basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship. Id.
Where the allegations in the petition and amending petitions have not been controverted at the hearing on the exception, a court must look to the petitions to see whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and the untimely sued defendant are solidarily liable. If so, then plaintiff has met his burden of proving an interruption of prescription based on solidary liability. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973).
In the present case, Dauterive offered no evidence at the hearing of the exception to controvert the allegations supporting solidary liability. Although Ms. Egle had the burden of proof as to solidarity, she could satisfy that burden in the absence of controverting evidence with her pleadings alone, if the facts alleged showed on the face of the record that solidary liability existed, accepting the allegations as true. If she had not pleaded solidarity, but had relied upon solidarity as the factual basis for interruption of prescription, she could have borne her burden of proof at the hearing on the exception of prescription with factual evidence to prove the solidary relationship. Thus, if either her pleadings showed solidarity or her evidence at the hearing reflected solidarity, it was then incumbent upon the party pleading prescription, in this case Dauterive, to controvert the allegations or evidence of solidarity.
We have already demonstrated that Ms. Egle's pleadings, standing alone and accepted as true, allege solidary liability. No evidence was put on at the hearing to controvert her pleadings. At the hearing on the exception, Ms. Egle was put on the witness stand by her counsel solely to confirm that she signed the verification of the petitions. Her brief testimony on direct examination was that she had been unable *572 to get information from her ex-husband and from the trustees, that she hired an attorney, that she learned what happened through discovery after the lawsuit was filed, and when (the trial court found it was 1998) she learned of Dauterive's involvement. On cross-examination, she admitted that Dauterive was not a trustee and that the trusts had no contractual relationship with Dauterive. These admissions did not affect her tort claim. Dauterive offered no controverting evidence regarding her tort claim.
In argument, counsel refers to exhibits which were never offered as evidence but are in the record solely as attachments to Dauterive's brief filed in the trial court. Because these exhibits were never offered in evidence at the hearing on the exception, they cannot be considered. Our Lady of the Lake Hosp. v. Vanner, 95-754 (La.App. 1 Cir. 12/15/95); 669 So.2d 463, opinion after remand, 95-754 (La.App. 1 Cir. 3/27/97); 692 So.2d 40, cert. denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998). However, even if we could consider the exhibits, or attachments, they would not controvert the pleadings. They are merely documentation of an ostensible purchase by Dauterive of a 12% interest in The Egle Group. Ms. Egle had already pleaded essentially the same details in her petitions, and alleged that the whole transaction was a sham. Further, nothing in Dauterive's cross-examination of Ms. Egle controverted the allegations of her petition and supplemental petitions regarding the conspiracy to commit and the actual commission of a tort resulting in damages to the beneficiaries of the trusts.
Ms. Egle is therefore entitled to present her evidence on behalf of the minor beneficiaries of the trusts and have the case heard on the merits against Dauterive. "A plea of prescription may be sustained before trial but even when it fails on the preliminary hearing, it may be sustained later in the proceeding if it should be established the plea was founded on good grounds such as those alleged here failure of solidary liability and, therefore, lack of timely institution of suit against the later-sued defendant." Pearson, 281 So.2d 724, 726; McDaniels v. Allison, 97-2572 (La.4/9/98); 708 So.2d 418.
The judgment of the trial court granting the exception of prescription filed by Glenn Dauterive is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to Glenn Dauterive.
REVERSED AND REMANDED.