817 So.2d 136 (2002)
John M. EGLE
v.
Rose Dove EGLE.
No. 01-0927.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
*137 Franklin White Dawkins, Attorney at Law, Lafayette, LA, Counsel for Ray S. Daugherty, Tri-State Technologies L.L.C.
Walter Chillingworth Thompson Jr., Barkley & Thompson, New Orleans, LA, James Parkerson Roy, Domengeaux & Wright, Lafayette, LA, Julius P. Hebert Jr., Hebert & Marceaux, Houma, LA, Mark Powell Seyler, Barkley & Thompson, New Orleans, LA, Jan Krzysztof Frankowski, Barkley & Thompson L.C., New Orleans, LA, Nicholas Dale Doucet, Barkley & Thompson, New Orleans, LA, Counsel for Rose Dove Egle, Michelle A. Egle, Lauren E. Egle, John M. Egle, Jr.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS, and ELIZABETH A. PICKETT, Judges.
SAUNDERS, Judge.
In this case, the trial court sustained an exception of prescription dismissing the Plaintiffs' claims against Ray Scott Daugherty and Tri-State Technologies, L.L.C. From this judgment, the Plaintiffs appeal. For the following reasons, we reverse the judgment of the trial court and remand the case for further proceedings.

BACKGROUND AND PROCEDURAL FACTS
This case has a long and complicated procedural history. Rose and John Egle were married in 1979 and later had three children. On April 19, 1994, three trusts were created for the benefit of the children. Around the same time that the trusts were created, Mr. Egle was involved in many complex business dealings involving the Ray Scott Daugherty ("Daugherty"), Tri State Technologies, L.L.C. ("Tri-State") and many other parties involved in this suit.
In May of 1994, Mr. Egle offered a line of credit through The Egle Group, L.L.C. ("Egle Group") to Daugherty, his neighbor, as part of a business venture. On June 1, 1994, Daugherty, who was the incorporator of Tri-State Technologies, Inc., assigned the stock of Tri-State Technologies, Inc., to Tri-State. Further, Tri-State's assets including cash totaling $150,000.00 were later transferred to Tri-Tech Fishing Services, L.L.C. ("Tri-Tech") in exchange for Tri State's member receiving a fifty percent equity position in Tri-Tech. In return for the Egle Group making a $150,000.00 cash infusion and a $350,000.00 loan to the newly formed Tri-Tech and Mr. Egle agreeing to co-sign some notes, the Egle Group received fifty percent ownership in Tri-Tech.
In an attempt to get Daugherty's equity position in Tri-Tech back to twenty-five *138 percent and to provide additional incentives, Mr. Egle agreed for the children's trusts to sell twenty-five percent of Egle Group to Daugherty for $37,500.00. In the transaction, each of the three children's trusts relinquished 8.33%, 8.33%, and 8.34% in Egle Group equity. These transactions became effective through agreements entered into by Daugherty and the co-trustees, Mr. Egle's brother and sister. A loan was made to Daugherty from Mr. Egle in the amount of $37,500.00 for the purchasing of the children's equity in Egle Group. On the same day, Daugherty claims that wrote three checks of $12,500.00 for each trust and deposited the checks into the trust accounts. Further, he alleges that a promissory note was then executed to evidence the debt of Daugherty. The Plaintiff disputes these facts claiming that this was a sham transaction and that Daugherty did not deposit the money in the trust accounts on that day.
Three years later, Tri-Tech was sold to Smith International on April 16, 1997, and at that time, Egle Group and Tri-State were the only two members of Tri-Tech. As part of the overall transaction, the Egle Group sold its interest in Tri-Tech to Smith International, and Daugherty was paid for his twenty-five percent interest in Tri-Tech. A portion of the proceeds payable to Daugherty was withheld in order to pay back Mr. Egle for the debt established by the promissory note. Each of the three trusts received over two million dollars. Subsequently, those funds were withdrawn by Mr. Egle.
The Egles divorced in February of 1996, and the Egles partitioned their community property in May of 1996. In October of 1997, Ms. Egle became concerned that Mr. Egle had hidden community assets, failed to disclose the accurate value of certain community assets, and misrepresented the assets of the community. As a result, Rose Egle filed suit against John Egle on January 2, 1998, asserting claims for breach of fiduciary duty, intentional and/or negligent misrepresentation, and lesion. She sought recission of the community property partition, a full accounting, and an award for damages.
On August 3, 1998, Ms. Egle was judicially appointed tutrix of her three minor children for the express purpose of bringing any necessary actions concerning their trusts. On August 28, 1998, Ms. Egle filed her First Amended Petition which added claims on behalf of her three minor children for their father's misappropriation of the funds from their trusts and claims against the co-trustees, Don Egle and Janet Harrison, who were Mr. Egle's brother and sister. In addition, a number of corporations and limited liability companies, which allegedly comprised a single business enterprise owned and controlled by Mr. Egle, were added as Defendants. Ms. Egle claimed that Mr. Egle acquired, formed, funded, financed, operated, sold, and/or resold these business entities with funds and assets hidden from her or diverted from the community and the children's trusts. The Egle Group was one of these entities.
After discovery, Ms. Egle filed her Third Amending Petition on March 13, 2000, claiming that Daugherty, Tri-State, and other Defendants including Glenn Dauterive were solidarily liable along with John Egle. Ms. Egle claimed that the Appellants personally benefitted from sham transactions. In response to the Third Amended Petition, Daugherty and Tri-State filed peremptory exceptions of prescription, no cause of action, and no right of action and a dilatory exception of lack of procedural capacity. The court considered the oral and written arguments of the Plaintiff and Defendants, and it made the following findings. First, the Plaintiff *139 bore the burden of proof on the issue of prescription because her claim against the parties on its face appeared to have prescribed. Second, the Plaintiff failed to prove a solidary relationship existed between John Egle and Daugherty and Tri-State. Finally, there was no showing of wrongdoing of the Appellees, and the Plaintiff failed to prove that she did not know of the true nature of the business transaction until April 1999. As a result, the trial court dismissed the claims against the Appellees.

LAW AND ANALYSIS

STANDARD OF REVIEW
When a peremptory exception is filed prior to trial, `it shall be tried and disposed of in advance of or on the trial of the case." La.Code Civ.P. art. 929. The trial court is not bound to accept as true the plaintiffs allegations in the petition at such a trial. "When evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." Parker v. Buteau, 99-519, p. 3 (La.App. 3 Cir. 10/13/99); 746 So.2d 127, 129.

ASSIGNMENTS OF ERROR:
On appeal, the Appellants assert the following assignments of error:
(1) The trial court erred in granting the exception of prescription filed by the Appellants because the Appellants interrupted prescription when Ms. Egle timely filed her First Amended Petition against other Defendants alleged to be solidarily liable with Mr. Daugherty and Tri-State.
(2) The trial court erred by placing the burden of proving on the merits that a solidary relationship existed on the Plaintiff because the Plaintiff had sufficiently alleged the solidarity and the Appellees did not adduce any evidence that would controvert and negate the possibility of such solidary liability.
(3) The trial court erred in granting the exception of prescription filed by the Defendants because, based on the available evidence, a reasonable jury could conclude that the Appellees are solidarily liable and that the Appellants claims are timely.
(4) The trial court erred in applying only a one year tort prescriptive period without recognizing the applicability of a five or ten year prescriptive period.

ASSIGNMENTS OF ERROR NO. 1, 2 & 3
The doctrine of prescription protects defendants from having to defend against stale claims by requiring plaintiffs to file suit in a court of competent jurisdiction and venue in a timely manner. Generally, the party claiming that a claim has prescribed has the burden of proving prescription; however, if the claim appears to have prescribed on the face of the petition, the plaintiff has the burden of proving an interruption of prescription. Furthermore, if solidary liability is alleged as the reason for the interruption, the plaintiff bears the burden of proving the solidary liability. Younger v. Marshall Indus., Inc., 618 So.2d 866 (La.1993).
The Appellees argue that the claim has prescribed on the face of the petition and that the Appellant has failed to meet her burden of proof to overcome the exception of prescription. On its face, it appears the claims have prescribed; however, Ms. Egle asserts that prescription was interrupted when she filed her original suit and that her claims against the Appellees were timely.
*140 Louisiana Civil Code article 2324(A) provides, "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." In her petition, Ms. Egle claims that the Appellees are solidarily liable. In fact, her petitions allege that Daugherty was personally involved in and benefitted individually from one of the series of unlawful and wrong transactions at issue in the case. In particular, she argues that Daugherty received a twenty-five percent interest in the Egle Group that should have remained in the children's trusts and that the documentation supposedly transferring the interest was a sham. She argues that Daugherty conspired to divert the assets from the trusts with the other defendants. Similar allegations were made pertaining to Tri-State. In regard to prescription, Louisiana Civil Code article 3503 provides, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." After reviewing the pleadings, it is evident that Ms. Egle has sufficiently alleged solidary liability which interrupts prescription. The issue now becomes whether the Appellees have sufficiently controverted these allegations.
We have previously considered a similar issue on appeal in this same action in Egle v. Egle, 00-1759 (La.App. 3 Cir. 6/6/01); 787 So.2d 567. Ms. Egle appealed the trial court's granting of an exception of prescription and dismissing her claim against another Defendant Glenn Dauterive. In her petition, Ms. Egle made similar allegations against Dauterive claiming that he was solidarily liable with other Defendants and claiming that he participated in a sale with Mr. Egle and others which was a sham transaction and a breach of the trustees' fiduciary duties. Once Ms. Egle plead solidary liability, the burden switched to Dauterive to produce sufficient evidence that solidary liability did not exist. We recognized that if either the pleadings or evidence at the hearing reflect solidary liability, it is incumbent upon the party pleading prescription to controvert the allegations or evidence of solidary liability. Id. At the hearing on the exception, Dauterive failed to introduce any evidence to controvert the allegations. As such, we reversed the trial court and held that Ms. Egle was entitled to proceed with her case.
In an attempt to distinguish themselves from Glenn Dauterive, the Defendants argue that they did introduce evidence which satisfied their burden to controvert the allegations of solidary liability. The Appellees introduced the following evidence: the Egle's community property settlement, the initial report of The Egle Group, L.L.C., the security agreement and promissory note between Mr. Egle and Daugherty, the disbursement of proceeds agreement reflecting the sale of Tri-Tech to Smith International, Inc., deposit slips, and deposition testimony. In their brief, Daugherty and Tri-State assert that the introduction of evidence alone is sufficient by incompletely citing this Court.
In Egle v. Egle, we stated, "[i]n argument, counsel refers to exhibits which were never offered as evidence but are in the record solely as attachments to Dauterive's brief filed in the trial court. Because these exhibits were never offered in evidence at the hearing on the exception, they cannot be considered." 00-1759, p. 6; 787 So.2d at 572. Using this statement alone, the Appellees argue that they have overcome their burden by introducing evidence. However, in the very next passage, we completed our analysis and stated:

*141 However, even if we could consider the exhibits, or attachments, they would not controvert the pleadings. They are merely documentation of an ostensible purchase by Dauterive of a 12% interest in The Egle Group. Ms. Egle had already pleaded essentially the same details in her petitions, and alleged that the whole transaction was a sham. Further, nothing in Dauterive's cross-examination of Ms. Egle controverted the allegations of her petition and supplemental petition regarding he conspiracy to commit and the actual commission of a tort resulting in damages to the beneficiaries of the trusts.

Id. 00-1759, p. 7-8; 787 So.2d at 572.
In this case, the exhibits offered into evidence by Daugherty and Tri-State likewise do no more than merely confirm the essential details already alleged in Ms. Egle's petitions. In addition, we are bound to strictly construe prescriptive statutes "against prescription and in favor of the claim that is said to be extinguished." Louisiana Health Serv. and Indem. Co. v. Tarver, 93-2449, p. 11-12 (La.4/11/94); 635 So.2d 1090, 1098. At this point, Ms. Egle is entitled to present her case. However, a plea of prescription may be sustained later in the proceeding if it should be established the plea was founded on good grounds such as those alleged herethe lack of solidary liability and the lack of timely instituted suit against Daugherty and Tri-State. Egle, 00-1759, p. 7; 787 So.2d at 572.
Considering the above, Ms. Egle's first three assignments of error are meritorious. Upon review, we find the following: First, Ms. Egle has met her burden of proving the possibility that solidary liability may exist and prescription may have been interrupted; thus, the burden shifts to the Defendants. Second, Daugherty and Tri-State have not presented sufficient evidence to satisfy their burden of negating the possibility of solidary liability. As such, further proceedings are required by the trial court to determine if solidary liability exists and if prescription has been interrupted.

ASSIGNMENT OF ERROR NO.4
In the final assignment of error, Ms. Egle argues that the trial court incorrectly determined that a one year prescriptive period applied to the her claims against the Appellees and that instead a five or ten year prescriptive period should apply. Our finding that solidary liability may exist pretermits a discussion of this assignment of error.

DECREE
For the reasons above, we reverse the trial court's dismissal of the Plaintiffs' claims against the two Defendants. This case is remanded to the trial court, and all costs of this appeal are assessed to Daugherty and Tri-State.
REVERSED AND REMANDED.