STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1139

DAVE BEACH

VERSUS

PETER SCALFANO ENTERPRISES, ET AL.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 220,837
HONORABLE GEORGE C. METOYER, JR.,
DISTRICT COURT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

REVERSED AND RENDERED.

John G. McLure
McLure & Pickels, L.L.P.
901 6th Street
P.O. Box 1525
Alexandria, Louisiana 71309
(318) 445-5317
COUNSEL FOR DEFENDANT/APPELLANT:
    ConAgra Foods Packaged Foods Company, Inc.

**Thomas D. Davenport, Jr.**
**The Davenport Firm, A.P.L.C.**
**1628 Metro Drive**
**Alexandria, Louisiana 71301**
**(318) 445-9696**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Dave Beach**

**GENOVESE, JUDGE.**

Following a non-jury trial, the trial court found Defendant liable for the injuries Plaintiff sustained when he bit into a breakfast sandwich containing a solid object thought to be a foreign substance. The trial court also denied Defendant's Exception of Prescription. Defendant appeals. For the following reasons, we reverse and render.

## FACTS

On June 15, 2004, Plaintiff, Dave Beach (Beach), purchased a breakfast sandwich from a Burger King restaurant located in Pineville, Rapides Parish, Louisiana. Beach alleged that while eating the breakfast sandwich, he bit into a foreign object that caused damage to his tooth and gum.

On May 13, 2005, Beach filed a Petition for Damages naming Peter Scalfano Enterprises, Inc., Burger King Corporation[1], and ABC Insurance Company as defendants. Beach subsequently filed a First Supplemental and Amending Petition naming PSE Restaurants, L.L.C. (PSE Restaurants) as an additional defendant, which had been erroneously referred to in the original petition as Peter Scalfano Enterprises, Inc.

PSE Restaurants filed a Third Party Demand on November 3, 2005, naming as third party defendants several of its suppliers including Sara Lee Corporation, Schreiber Foods, Michael Foods, Inc., ConAgra Food Service, and ConAgra Refrigerated Foods, Co.

On November 29, 2005, Beach filed a Second Supplemental and Amending Petition adding Lexington Insurance Company (Lexington) as a defendant. On the same date, he filed a Motion for Partial Summary Judgment on the issue of the

---

[1]On November 21, 2005, Burger King Corporation was dismissed, with prejudice, pursuant to a Motion for Summary Judgment.

1

existence of insurance coverage pursuant to the policy issued by Lexington to PSE Restaurants. A Stipulated Judgment was signed by the trial court on December 19, 2005, decreeing that the policy of insurance issued by Lexington did provide coverage to its insured, PSE Restaurants, thereby rendering Beach's Motion for Partial Summary Judgment moot.

After testing on the alleged foreign object revealed that the object was actually gristle, on November 29, 2005, PSE Restaurants dismissed, without prejudice, its third party demands against Sara Lee Corporation, Schreiber Foods, and Michael Foods, Inc. The Order granting the Motion for Judgment of Dismissal expressly reserved the rights of PSE Restaurants, as third party plaintiff, against ConAgra Food Service and ConAgra Refrigerated Foods, Co.

On January 20, 2006, PSE Restaurants filed a Motion for Judgment of Dismissal wherein it moved to dismiss its third party demands against the remaining third party defendants, ConAgra Food Service and ConAgra Refrigerated Foods, Co. The Order dismissing the third party demands, without prejudice, was signed by the trial court on January 30, 2006.

On February 8, 2006, Beach filed a Third Supplemental and Amending Petition, naming as additional defendants ConAgra Food Service and ConAgra Refrigerated Foods, Co.[2] ConAgra Foods Packaged Foods Company, Inc. (ConAgra) was named as a defendant by Beach in a subsequent supplemental and amending petition filed March 15, 2006. Along with its answer, ConAgra pled the defense of prescription as a bar to Beach's claims.

Following a bench trial on April 25, 2006, the trial court: (1) dismissed Beach's claims against PSE Restaurants, L.L.C. and Lexington Insurance Company; (2)

---

[2]ConAgra Foods Packaged Foods Company, Inc., is the successor corporation to ConAgra Food Service and ConAgra Refrigerated Foods, Co., which were erroneously named as defendants.

rendered judgment in favor of Beach against ConAgra Foods Packaged Foods Company, Inc.; and (3) denied ConAgra's Exception of Prescription. A written judgment was signed by the trial court on May 15, 2006. ConAgra appeals. For the following reasons, we reverse and render.

## ISSUES

The issues raised by ConAgra for our review are summarized as follows:

1. whether the trial court erred in finding ConAgra liable for the injuries sustained by Beach; and

2. whether the trial court erred in denying ConAgra's Exception of Prescription.

## LAW AND ARGUMENT

ConAgra contends that the trial court erred in denying its Exception of Prescription. Because we find merit in this assertion, which renders the issue of liability moot, we will discuss the Exception of Prescription first.

**Burden of Proof**

"The burden of proof on the prescription issue lies with the party asserting it; however, where the petition shows on its face that the claim has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended." *Stevens v. Bruce*, 04-133, p. 3 (La.App. 3 Cir. 6/2/04), 878 So.2d 734, 737 (citing *Amoco Prod. Co. v. Texaco, Inc.*, 02-240, pp. 7-8 (La.App. 3 Cir. 1/29/03), 838 So.2d 821, 829, *writs denied*, 03-1102, 03-1104 (La. 6/6/03), 845 So.2d 1096).

In the instant matter, although Beach alleged a date of injury of June 15, 2004, he did not name ConAgra as a defendant until March 15, 2006. Since, on the face of the pleading the claim had prescribed, Beach bore the burden of proving that the prescriptive period was interrupted or suspended, which he failed to meet.

3

**Standard of Review**

In *Leger v. Sonnier Exterminating Co.*, 05-1291, p. 4 (La.App. 3 Cir. 4/5/06), 926 So.2d 158, 161, *writ denied*, (La. 6/23/06), 930 So.2d 982, this court discussed appellate review relative to an exception of prescription stating as follows:

> Ordinarily, when an appeal involves a ruling on a peremptory exception with contested issues of fact and "[w]hen evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Egle v. Egle*, 01-927, p. 4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139 (quoting *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the appellate court must decide whether the lower court's decision is legally correct or incorrect. *Sieferman v. State Farm Mut. Auto. Ins. Co.*, 01-439 (La.App. 3 Cir. 10/3/01), 796 So.2d 833 (citing *Huddleston v. Farmers Merchants Bank & Trust Co.*, 00-640 (La.App. 3 Cir. 11/1/00), 772 So.2d 356).

**Prescription**

A delictual (tort) action is subject to one-year liberative prescription. La.Civ.Code art. 3492. The incident giving rise to the present litigation occurred on June 15, 2004. ConAgra was not named as a defendant in the main demand until March 15, 2006,[3] more than twenty-two months after the incident occurred. Thus, unless suspension or interruption of the one-year prescriptive period occurred, Beach's claims against ConAgra were untimely.

We note that the trial court did not provide any reasons for denying ConAgra's Exception of Prescription. In his appellate brief, Beach relies on the theory of joint tortfeasor liability for the interruption of prescription.[4] He cites the trial court's

---

[3]The predecessor corporations, ConAgra Food Service and ConAgra Refrigerated Foods Co., were named as defendants on February 8, 2006; however, this was still over twenty months after the date of injury.

[4]Louisiana Civil Code Article 2324 provides as follows:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

4

reasons for judgment wherein the court, referring to "ConAgra and PSE [Restaurants,]" stated that "they failed to exercise the reasonable care to the consumer, Mr. Dave Beach." Beach relies on this language for the following assertion to this court:

> Thus, the [t]rial [c]ourt made a factual finding that both ConAgra and PSE [Restaurants] were solidarily liable for the damages sustained by the Appellee. The Louisiana Legislature enacted Louisiana Civil Code Article 2324(C) to provide that suit against one joint tortfeasor interrupts prescription against other joint tortfeasors. See generally, Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law, § 10.04[9] (2004).

However, a full review of the trial court's oral reasons for judgment reveals an interchange between the trial court and counsel for ConAgra which evidences a contrary finding of the trial court relative to liability.

After the hereinabove referred to statements were made by the trial court, counsel for ConAgra reminded the trial court that "there was an issue of liability of PSE Restaurants, [L.L.C.], and the issue of the liability of ConAgra." Counsel specifically inquired as to whether the trial court found that ConAgra had "sole liability" in this matter and that no liability was found on the part of PSE Restaurants. We find that the language of the trial court makes it clear that it found only ConAgra liable for the injuries sustained by Beach. The trial court engaged in the following exchange with counsel for ConAgra:

---

B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

MR. MCLURE:

Your Honor, –

THE COURT:

Yes?

MR. MCLURE:

– there was an issue of liability of PSE Restaurants, LLC, and the issue of the liability of ConAgra.
Do I understand you to find that the sole liability is ConAgra?

THE COURT:

ConAgra, yes.  That is correct.

MR. MCLURE:

And no liability on the part of PSE Restaurants, LLC?

THE COURT:

No.

This finding on the issue of liability is further evidenced by the written judgment signed by the trial court in favor of Beach only against "ConAgra Foods Packaged Foods Company, Inc."  Therefore, we find no merit to Beach's assertion that the trial court made a factual finding that precludes the granting of the Exception of Prescription.

We likewise find no merit in Beach's assertion that ConAgra did not timely raise the issue of prescription in the trial court proceedings.  The record reveals that ConAgra filed an Answer to Petitions and Exception containing a paragraph wherein "ConAgra pleads the defense of prescription as a bar to plaintiff's claim because ConAgra was not made a defendant until more than a year after the alleged occurrence."  Although an exception of prescription "may be pleaded at any stage of the proceedings in the trial court prior to a submission of the case for a decision[,]"[5]

---

[5]La.Code Civ.P. art. 928.

6

in the instant matter, ConAgra's exception was pled with its answer. According to La.Code Civ.P. art. 929(B), the peremptory exception "shall be tried and disposed of either in advance of or on the trial of the case."

At the end of trial, counsel for ConAgra inquired as to the court's ruling on its Exception of Prescription. The record reveals the following exchange:

MR. MCLURE:

> Your Honor, I had raised the issue of prescription on the part of ConAgra. I assume that's, that issue, that exception is denied.

THE COURT:

> The exception is denied.

The trial court, therefore, considered ConAgra's Exception of Prescription and denied said exception "on the trial of the case." Pertinent to ConAgra's Exception of Prescription is the issue of joint tortfeasor liability. Considering the facts in this case, and Beach's reliance on joint tortfeasor liability, the trial court was precluded from ruling on the prescription issue until it ruled on the liability, vel non, of PSE Restaurants. If the trial court had found PSE Restaurants and ConAgra jointly liable for Beach's injuries, then the prescription issue would have been unfounded on the basis of joint tortfeasor liability, provided PSE Restaurants was timely named and served. This would have interrupted the running of prescription as to ConAgra, thereby defeating prescription. La.Civ.Code art. 2324(C); *Renfroe v. State Through Dep't of Transp. and Dev.*, 01-1646 (La. 2/26/02), 809 So.2d 947. Such is not the case in this matter.

Additionally, we note that ConAgra likewise raised the issue of prescription on appeal, which was referred to the panel on the merits. As a result thereof, counsel for Beach seeks a remand in accordance with La.Code Civ.P. art. 2163.

Louisiana Code of Civil Procedure Article 2163 (emphasis added) states as

follows:

> The appellate court may consider the peremptory exception filed *for the first time* in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.

> If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.

Because ConAgra raised the issue of prescription with its answer in the trial court, it was not raised "for the first time" on appeal. Consequently, La.Code Civ.P. art. 2163 is inapplicable, and Beach's request for a remand is denied.

For the foregoing reasons, we find that ConAgra timely raised the issue of prescription and that said issue was properly before this court. We also find that Beach failed to prove joint tortfeasor liability on the part of PSE Restaurants and ConAgra, that he did not file suit against ConAgra within the one-year prescriptive period, and that he failed to prove the suspension or interruption of prescription. Therefore, Beach's claim against ConAgra has prescribed. Accordingly, we find that the trial court erred in denying the Exception of Prescription filed on behalf of ConAgra. Given our findings herein, the judgment of the trial court relative to the issue of liability is rendered moot.

## DECREE

The judgment of the trial court denying ConAgra Foods Packaged Foods Company, Inc.'s Exception of Prescription is reversed. Therefore, the trial court's judgment in favor of Beach against ConAgra Foods Packaged Foods Company, Inc. in the amount of $26,380.00, plus interest from the date of judicial demand until paid, and all costs of the trial court proceeding, is likewise reversed.

Dave Beach is hereby assessed with all costs both at the trial level and on appeal.

**REVERSED AND RENDERED.**

8