STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-108


DAVE BEACH

VERSUS

CONTINENTAL CASUALTY COMPANY, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 227,906
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.


William H. Parker, III
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1270
Counsel for Defendants/Appellees:
Continental Casualty Company
W. Jay Luneau, APLC

**Emmett Cary Sole**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendant/Appellee:**
**Thomas D. Davenport, Jr.**

**Connell Lee Archey**
**Kantrow, Spaht, Weaver & Blitzer**
**P.O. Box 2997**
**Baton Rouge, LA 70821-2997**
**(225) 383-4703**
**Counsel for Defendants/Appellees:**
**Continental Casualty Company**
**Gary K. Hays**
**Gary K. Hays , APLC**

**Gordon J. Schoeffler**
**Joseph Joy & Associates**
**P. O. Box 4829**
**Lafayette, LA 70502**
**(337) 232-8123**
**Counsel for Plaintiff/Appellant:**
**Dave Beach**

**EZELL, JUDGE.**

In this legal malpractice proceeding, Dave Beach appeals a trial courts' ruling granting an exception of peremption and dismissing his claims against his former attorneys who represented him in a personal injury suit. Mr. Beach claims that his legal malpractice suit filed on May 14, 2007, was timely.

## FACTS

The facts are not in dispute. Mr. Beach initially hired Gary Hays to represent him in a suit for damages he sustained to his tooth and gum when he bit into a foreign object while eating at a Burger King restaurant in Pineville. Subsequently, Mr. Hays associated Thomas Davenport on the case. At the time of the case, Mr. Davenport was associated with Jay Luneau in a joint business venture to share legal fees.

The tort suit was filed on behalf of Mr. Beach on May 13, 2005. ConAgra Foods Packaged Foods Company, Inc. was ultimately found liable to Mr. Beach after a bench trial on April 25, 2006. ConAgra had pled an exception of prescription in its answer alleging the injury occurred on June 15, 2004, but ConAgra was not named as a defendant until March 15, 2006. Following a trial, after which ConAgra was found solely responsible, the trial court ruled on ConAgra's exception of prescription and denied said exception.

ConAgra appealed the judgment to this court and raised the issue of prescription on appeal. Based on the trial court's finding that ConAgra was solely liable for Mr. Beach's injuries and not jointly liable with the timely-sued defendant, this court ruled that the trial court erred in denying the exception of prescription and reversed the judgment that had been rendered in favor of Mr. Beach and against ConAgra for $26,380. *Beach v. Peter Scalfano Enters.*, 06-1139 (La.App. 3 Cir. 2/7/07), 949 So.2d 653, *writ denied*, 07-408 (La. 4/5/07), 954 So.2d 144.

1

Mr. Beach filed his present legal malpractice claim on May 14, 2007. Included as defendants were W. Jay Luneau, APLC, Thomas Davenport, Jr., Gary K. Hays, Gary K. Hays, APLC, and Continental Casualty Company. Exceptions of peremption were filed on behalf of all Defendants. A hearing on the matter was held on October 13, 2008. The trial court granted the exceptions of peremption and signed a judgment dismissing Mr. Beach's suit on October 24, 2008. Mr. Beach then filed the present appeal.

## PEREMPTION

In his appeal, Mr. Beach argues that the trial court erred in its determination of the "date of discovery" by him that he might have a legal malpractice claim. Mr. Beach argues that he had no reason to believe that malpractice had occurred until the tort suit he won was overturned on appeal on the basis of prescription. Mr. Beach argues that a reasonable man would not have known he had a malpractice claim until this time.

In written reasons for judgment, the trial court found that ConAgra had raised the exception of prescription in its answer and at trial in the presence of Mr. Beach. The trial court further found that Mr. Beach admitted he knew what the term "prescription" meant so he should have further investigated the matter. The trial court then concluded that the peremptive period for Mr. Beach's legal malpractice claim began on the day of the trial of the tort suit, April 25, 2006, when ConAgra raised the exception of prescription in open court.

Louisiana Revised Statutes 9:5605 provides for the peremption of legal malpractice claims.

> [T]he statute sets forth two peremptive limits within which to bring a legal malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged act, omission, or neglect to bring such

2

claims.

*Teague v. St. Paul Fire and Marine Ins. Co.*, 07-1384, p. 11 (La. 2/1/08), 974 So.2d 1266, 1274.

> [U]nder the provisions of La.Rev.Stat. § 9:5605, an action should not be found perempted if it is brought within one year of the date of discovery and the record shows that the claimant was reasonably unaware of malpractice prior to the date of discovery and the delay in filing suit was not due to willful, negligent, or unreasonable action of the client.

*Id.* at 1275.

At issue in this case is the one-year date of discovery of the alleged legal malpractice.

> The "date of discovery" from which prescription or peremption begins to run is the date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant. Put more simply, the date of discovery is the date the negligence was discovered or should have been discovered by a reasonable person in the plaintiff's position.

*Id.* (citation omitted).

"Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Id.* (quoting *Campo v. Correa*, 01-2707, pp. 11-12 (La. 6/21/02), 828 So.2d 502, 510).

> Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

*Id.*

"Accordingly, peremption commences to run in legal malpractice cases when a claimant knew or should have known of the existence of facts that would have

3

enabled him to state a cause of action for legal malpractice." *Id.* at 1276. "Notwithstanding, a claimant's mere apprehension that something may be wrong is insufficient to commence the running of peremption unless the claimant knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice." *Id.*

The underlying cause of action for legal malpractice in this case was the Defendant attorneys' failure to timely file suit against ConAgra. In *Atlas Iron and Metal Co. v. Ashy*, 05-458, p. 10 (La.App. 3 Cir. 1/4/06), 918 So.2d 1205, 1213, this court held "peremption begins to run when a client knows or should have known of an act, omission, or negligence by [his] attorney."

The manifest error standard of review is applicable to a trial court's finding as to when the one-year peremptive period of La.R.S. 9:5605(A) begins to run. *Burns v. Goudeau*, 04-821 (La.App. 3 Cir. 11/10/04), 888 So.2d 1031.

The trial in the underlying tort suit was on April 25, 2006. Mr. Beach was present at the trial when ConAgra raised the prescription issue. Mr. Beach admitted he heard ConAgra raise the prescription issue. Mr. Beach also admitted he knew that prescription meant "pas[t] the date that you can do anything." However, he explained that when it was overruled, he did not worry about it. Mr. Beach also agreed that he knew the appeal filed by ConAgra was based on the prescription issue. However, he was not concerned at the time because he was assured by his attorneys that everything would work out fine.

In finding that Mr. Beach had notice that his claim against ConAgra had prescribed at the time of trial on April 25, 2006, the trial court stated that, "[t]he plaintiff was put on notice at the trial on the underlying case that his claim may have prescribed. Considering the fact that plaintiff, as he testified, had pre-existing

4

knowledge of the meaning of the term 'prescription', he should have further investigated the matter."

Mr. Beach claims that the trial court applied a subjective standard to him as opposed to an objective standard in determining when he had knowledge sufficient to determine that he had a cause of action for legal malpractice because he knew what the term "prescription" meant. However, the trial court clearly applied the "reasonable man" standard as it recited the law on the "reasonable man" standard in its written reasons for judgment before rendering its decision.

There is no doubt that Mr. Beach was present at trial when ConAgra raised the issue that suit against it was prescribed. He also admitted that he discussed the issue at that time with his attorney who told him that ConAgra was "trying to pull a fast one." The trial court then overruled the exception of prescription filed by ConAgra. At that point, we find that a reasonable man would have thought that ConAgra was simply filing a motion that was denied as is often done in trial proceedings. Mr. Beach had no reason to worry that his attorneys had done anything wrong since the trial court ruled in his favor. A party should not be required to file a malpractice suit against his attorney every time a defense is raised in the trial court and denied. This is not sufficient notice that legal malpractice has been committed.

As observed by the federal court in *West v. ABC Ins. Co.*, 07-5819 (E.D.La. Mar. 25, 2009), ____ F.Supp.2d _____, (citing *Perez v. Trahant*, 00-2372 (La.App. 1 Cir. 12/28/01), 806 So.2d 110, *writs denied*, 02-901, 02-847 (La. 8/30/02), 823 So.2d 953); *Turnball v. Thensted*, 99-25 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, *writ denied*, 00-1502, (La. 8/31/00), 766 So.2d 1277, *writ denied*, 00-1503 (La. 8/31/00), 766 So.2d 1278, An adverse ruling by a court is a fact which would put a reasonable man on notice that malpractice may have been committed. Had the trial court granted

5

the exception of prescription then Mr. Beach should have been suspicious that his attorneys had possibly committed malpractice by failing to timely sue ConAgra. In the present case, though, the trial court found that there was no basis for the exception of prescription. Had the trial court granted ConAgra's exception of prescription, we would agree with the trial court that Mr. Beach was on notice that legal malpractice may have been committed by his attorneys.

Even though ConAgra filed an appeal on the issue of prescription, Mr. Beach was assured that everything would be "ok." He already knew that the trial court had ruled in his favor on this issue. There was no reason to suspect that malpractice had occurred until this court issued the adverse ruling on February 7, 2007, reversing the trial court and granting ConAgra's exception of prescription. At that time a reasonable person would have been put on notice that his attorneys committed malpractice. Shortly thereafter, on May 14, 2007, Mr. Beach filed suit for legal malpractice.

We find that the trial court committed manifest error in finding that Mr. Beach had sufficient knowledge of facts that his attorneys may have committed malpractice on the day of the tort trial. No reasonable man would consider that malpractice had been committed when a trial court denies an exception of prescription raised by the defendants, even though he knows what the term "prescription" means. Therefore, we find that Mr. Beach's claim for legal malpractice was filed within one year of the date of discovery of the legal malpractice and his claim is not perempted by La.R.S. 9:5605. Since we find Mr. Beach's claim is not preempted, we need not discuss the other issues raised by Mr. Beach.

The judgment of the trial court granting Defendants' exception of peremption is reversed. The case is remanded to the trial court for further proceedings. Costs of

this appeal are assessed to W. Jay Luneau, APLC, Thomas Davenport, Jr., Gary K. Hays, Gary K. Hays, APLC, and Continental Casualty Company.

**REVERSED AND REMANDED.**