746 So.2d 127 (1999)
Scott James PARKER Plaintiff-Appellant,
v.
Camay Theresa BUTEAU, Defendant-Appellee.
No. 99-519.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*128 Glenda Huddleston, New Iberia, for Scott James Parker.
Thomas Louis Mahfouz, Morgan City, for Camay Theresa Buteau.
BEFORE: THIBODEAUX, PETERS and GREMILLION, Judges.
THIBODEAUX, Judge.
Scott James Parker brought an avowal action to establish his paternity to Brock Joseph Verret, the twelve year old son of Camay Theresa Buteau, and sought a court order requiring Buteau and Brock to submit to blood tests. Parker appeals the judgment of the trial court granting Buteau's exception of prescription and denying Parker's request for blood testing. For the reasons which follow, we affirm.

I.

ISSUE
We shall consider whether the trial court erred in concluding that Parker is precluded from bringing an avowal action to establish his paternity to Brock eleven years after the birth of Brock.

II.

FACTS
Brock Joseph Verret was born on February 7, 1986. At the time of his conception and birth, his mother, Camay Buteau, was married to Glenn Verret. At the hearing on the exception, Scott Parker testified that the day after Brock was born, Buteau informed him that he was Brock's father because he and Brock had the same blood type. Parker testified that he later visited with Brock on several occasions and paid $1,600.00 in child support. Buteau denied both contentions and testified that Brock has always believed that Verret is his father.
Buteau and Verret divorced on March 2, 1995. Verret, the legal father of Brock, was granted visitation rights with Brock and was ordered to pay child support. Buteau testified that since the divorce, Verret has continued to visit with Brock and has maintained a close relationship with him. She also testified that she has recently learned that Verret and Brock share the same blood type.

III.

LAW AND DISCUSSION

Standard of Review
An exception of prescription is a peremptory exception which a defendant may raise at any stage of the proceeding in the trial court prior to the submission of the case for a decision. La.Code Civ.P. arts. 927, 928(B). Where a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. La.Code Civ.P. *129 art. 929. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court was manifestly erroneous with its factual conclusions. See Geen v. Geen, 95-984 (La.App. 3 Cir. 12/27/95); 666 So.2d 1192, writ denied, 96-0201 (La.3/22/96); 669 So.2d 1224; Masters v. Fields, 27,924 (La.App. 2 Cir. 1/24/96); 666 So.2d 1333.

Timeliness of the Avowal Action
Parker contends that he asserted his right to establish paternity to Brock within a reasonable time. He admits Buteau informed him on February 8, 1986 that Brock was his son. However, he explains that he did not bring an avowal action at that time because he was involved in an extramarital relationship with Buteau, who promised she would leave her husband in order to allow Parker to raise Brock as his son. Following the dissolution of Buteau's marriage and the subsequent termination of his relationship with Buteau, Parker requested that Brock undergo blood testing to establish paternity. Parker asserts that he timely brought the avowal action one year after Buteau refused to allow the testing.
The trial court granted Buteau's exception of prescription. In its reasons for judgment, the trial court explained that Parker failed to provide a reasonable explanation as to why he waited eleven years to bring the avowal action. It noted that Brock has always believed that Verret is his father and that the two share a close relationship. The trial court reasoned that if Parker had wanted to assert his parental rights, he could have brought an avowal action immediately or within a reasonable time after Brock's birth.
The biological father has a right to bring an avowal action despite the presumption in La.Civ.Code art. 184 that the husband of the mother is presumed to be the father of all children born or conceived during the marriage. Geen, 666 So.2d 1192. However, the jurisprudence requires that an avowal action be brought promptly. "[A] biological father who knows or has reason to know of the existence of his biological child, and who fails to assert his rights for a significant period of time, cannot later come forward and assert paternity." Id. at 1194. Moreover, "the greater the period of time which elapses from the child's birth to the bringing of the action, the less favorably such an action should be viewed." Finnerty v. Boyett, 469 So.2d 287, 296 (La.App. 2 Cir. 1985).
In this case, we find that the trial court was not clearly wrong in concluding that Parker failed to bring the avowal action within a significant period of time. Parker admitted that Buteau told him he was Brock's father the day after Brock was born. In a letter to Verret, Parker stated that he moved to Indianapolis after Brock's birth because he "thought the best thing [he] could do was to let [the Verrets] be a family and not disturb everything." As the trial court noted in its reasons for judgment, Parker failed to provide a reasonable explanation as to why he waited eleven years to bring the avowal action. Although Parker claimed that he was in a continuous relationship with Buteau from the time Brock was born and was promised by Buteau that he would be allowed to raise Brock, Parker testified that he and Buteau did not have a relationship from 1987-1989. Parker failed to explain why he did not bring the avowal action during this time period. Moreover, as noted by the trial court, Brock and Verret have formed a close relationship during the past eleven years. When questioned as to the relationship between Brock and Verret, Buteau testified as follows:
Q. How does Brock get along, from what you can see, with his father, Mr. Verret? How do they get along?
A. They have a close relationship.
. . . .

*130 Q. How do you feel this would affect your son Brock if somehow it's got to be told to him that Glenn is really not his dad?
A. It would destroy him.
Q. Why do you say that?
A. `Cause Glenn means everything to him.
Under the circumstances of this case, we agree with the trial court that Parker is precluded from bringing an avowal action to establish his paternity to Brock. Parker was informed of the existence of his biological child in 1986 and failed to assert his rights for eleven years. Accordingly, we find that the trial court did not err in granting Buteau's exception of prescription.

IV.

CONCLUSION
Based on the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to Scott James Parker.
AFFIRMED.