772 So.2d 356 (2000)
Margaret HUDDLESTON
v.
FARMERS-MERCHANTS BANK & TRUST CO.
No. 00-640.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
*357 Joann Nixon, Glenda M. August & Associates, New Iberia, LA, Counsel for Plaintiff/Appellant, Margaret Huddleston.
Michael W. Adley, Tiffany B. Thornton, Judice & Adley, Lafayette, LA, Counsel for Defendant/Appellee, Farmers-Merchants Bank & Trust Co.
(Court composed of Judge HENRY L. YELVERTON, Judge ULYSSES GENE THIBODEAUX and Judge SYLVIA R. COOKS).
THIBODEAUX, Judge.
Margaret Huddleston filed suit against the Farmers-Merchants Bank & Trust Company for compensation for injuries allegedly incurred as the result of a fall. Farmers-Merchants Bank & Trust Company filed a motion to dismiss due to abandonment. The trial court found that the action had been abandoned and ordered a dismissal under amended La.Code Civ.P. art. 561, which allows for a case to be considered abandoned if the parties fail to take any steps in its prosecution or defense for three years. We agree with the trial court that Article 561 is retroactive and, further, does not infringe upon plaintiff's constitutional due process rights. We, therefore, affirm.

I.

ISSUE
We shall consider whether La.Code Civ.P. art. 561 is subject to retroactive application and whether retroactive application *358 violates a litigant's constitutional due process rights.

II.

FACTS
Both parties agree on the facts of this case. Ms. Huddleston, the plaintiff, filed suit against Farmers-Merchants Bank & Trust Company, the defendant, and XYZ Insurance Company, on December 19, 1994. Ms. Huddleston's petition alleged that she had slipped and fallen in the bank on December 22, 1993, and suffered injuries for which she sought compensation. The petition directed the Clerk of Court to hold service on defendants until notice was given. Farmers-Merchants Bank & Trust was served with notice of the petition on November, 23, 1999, almost five years after the filing of the lawsuit. The bank responded to the petition by pleading exceptions of no right of action, no cause of action, and abandonment. The trial court ordered a contradictory hearing on the exceptions. At the hearing, the court dismissed the case because of abandonment and did not find it necessary to rule on the exceptions. Ms. Huddleston appeals the trial court's pre-trial judgment of dismissal under La.Code Civ.P. art. 561 as amended in 1997.
Whereas prior to 1997, Article 561 provided that a case was to be considered abandoned when the parties failed to take any step in its prosecution or defense in the court for a period of five years, the amended version of 1997, which is currently in force, shortened the period to three years. Ms. Huddleston claims that the court should have applied the five-year period of abandonment to her case because it was in force at the time her suit was originally filed.

III.

LAW AND DISCUSSION

Standard of Review
Our resolution of this matter hinges upon whether or not the amended form of La.Code Civ.P. art. 561 is to be applied retroactively. This matter involves judicial interpretation of a statutory provision and is thus a question of law. Daigle v. Daigle, 97-1048 (La.App. 3 Cir. 2/25/98); 710 So.2d 285. The standard of appellate review on a question of law is "simply a decision as to whether the lower court's decision is legally correct or incorrect." Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir.1992). Thus, if the decision by the trial court was based on its erroneous application of law, rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Ducote v. City of Alexandria, 95-1269 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118; Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). This is a case of first impression for this court. We will render a judgment on whether the trial court's interpretation of the statutory provision violated Ms. Huddleston's constitutional rights of due process.

Constitutionality of the Statute
The 1997 La. Acts 1221, § 1, amended Article 561 of the Code of Civil Procedure by shortening the abandonment period from five years to three years. The Louisiana legislature stated in this act that the law was to apply to all actions pending at the time of codification. The Louisiana Supreme Court has upheld this provision, reversing a district court and dismissing a case as abandoned in Bourgeois v. Veal, 99-0786 (La.5/7/99); 740 So.2d 1291. Further, several other appellate courts have also ruled on this issue, all upholding the article's retroactive application. See e.g. Matthews v. Fontenot, 99-4084 (La.App. 4 Cir. 9/29/99); 745 So.2d 691; Dempster v. La. Health Services & Indemnity Co., 98-1112 (La.App. 5 Cir. 3/10/99); 730 So.2d 524, writ denied, 99-1319 (La.7/2/99); 747 So.2d 20; Coe v. State of Louisiana, Health Care Authority d/b/a LSUMC, 32,635 (La.App. 2 Cir. 2/1/00); 751 So.2d 432.
*359 Ms. Huddleston contends that her constitutional rights of due process were violated because of the retroactive application of the article. In support of her claim, she argues that the amended article consists of substantive law whose retroactive application here is unconstitutional. Although substantive laws may be applied retroactively, they may not if doing so would impair contractual obligations or disturb vested rights. The Louisiana Supreme Court has defined substantive law as a law which creates, confers, defines, destroys, or otherwise regulates rights, liabilities, causes of action, or legal duties. Sudwischer v. Estate of Paul C. Hoffpauir, 97-0785 (La.12/12/97); 705 So.2d 724, 728, cert. denied, 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998). That is, substantive laws either establish new rules, rights, and duties, or change existing ones. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992). Interpretive laws, on the other hand, merely clarify the meaning the statute had from the time of its enactment. Rousselle v. Plaquemines Parish School Board, 93-1916 (La.2/28/94); 633 So.2d 1235, 1244. St. Paul Fire & Marine Insurance Company, 609 So.2d at 817. Conversely, procedural laws prescribe a method for enforcing a substantive right and relate to the form of proceeding or the operation of law. Sudwischer, 705 So.2d at 729; Rousselle, 633 So.2d at 1244.
Obviously, this article is not interpretive law because it does not purport to clarify other law or laws. Therefore, the inquiry concerns whether it is procedural or substantive. It is true that at times procedural law may take on substantive characteristics because its application may impact an individual's rights pertaining to substantive law. Here, however, there is no such overlapping of procedural and substantive law. The legislature provided for a delay of one year before the amended form of Article 561 was to become effective. This provision gave those who were to be affected by the change in the law the opportunity to take whatever actions were necessary to preserve their rights. Ms. Huddleston and her attorney had adequate notice of the impending change in the law and cannot now argue that she was deprived of a vested right.
Further, the supreme court has ruled on the constitutionality of newly-created statutes of limitation holding that such a statute "will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." Lott v. Haley, 370 So.2d 521, 523-524 (La.1979); see also Marsh Engineering, Inc. v. Parker, 94-1129 (La.App. 3 Cir. 5/8/96); 688 So.2d 1042, 1046, writ denied, (La.9/27/96); 680 So.2d 637. Allowing one year from the date of enactment before enforcement seems to be reasonable. Thus retroactive application of Article 561 does not deprive Ms. Huddleston of any constitutional rights.

IV.

CONCLUSION
For the reasons stated herein, we affirm the trial court's dismissal of plaintiff-appellant's lawsuit on the grounds of abandonment. Costs of the appeal are assessed to the plaintiff-appellant, Margaret Huddleston.
AFFIRMED.