STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1291

MIKE D. LEGER

VERSUS

SONNIER EXTERMINATING COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 05-0397
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and James T. Genovese, Judges.

REVERSED.

Christopher J. Piasecki
L. Bianca Chretien
Post Office Drawer 2908
Lafayette, Louisiana 70502
(337) 237-1660
COUNSEL FOR DEFENDANT/APPELLANT:
    Sonnier Exterminating Company

Mike D. Leger
In Proper Person
Post Office Box 4
Milton, Louisiana 70558
(337) 856-1792
PLAINTIFF/APPELLEE

**GENOVESE, Judge.**

In this workers' compensation case, Sonnier Exterminating Company (Sonnier) appeals the judgment denying its peremptory exception of prescription pertaining to medical and supplemental earnings benefits. The trial court ruled that payments made by Plaintiff's uninsured/underinsured motorist insurance carrier interrupted prescription on the basis that it was a solidary obligor with the workers' compensation carrier. Finding that the uninsured/underinsured motorist insurance carrier and the workers' compensation carrier are not solidary obligors, we reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Mike D. Leger (Leger), was involved in an automobile accident on January 21, 2002, wherein he sustained personal injury. At the time of the accident, Leger was traveling home in a vehicle owned by his employer, Sonnier. The accident occurred due to the fault of Delores McGee; however, Ms. McGee was uninsured.

After the accident, Sonnier's automobile uninsured/underinsured motorist (UM) insurance carrier, State Farm Automobile Insurance Company (State Farm), made payments to Leger and to his medical providers pursuant to Sonnier's UM and medical payments (med-pay) coverage. The last payment to Leger by State Farm was for med-pay benefits on January 21, 2004.

Leger filed a disputed claim for compensation, commonly referred to as a 1008, on January 14, 2005. Sonnier filed a peremptory exception of prescription asserting that Leger's claim was barred because it was not filed within the one-year prescriptive period set forth in La.R.S. 23:1209. Leger argued that his claim was not prescribed since it was filed within one year of the last payment made to him by State Farm, and as solidary obligors, State Farm's payments interrupted prescription as to his workers'

1

compensation claim against Sonnier.

At the hearing on the exception of prescription, Sonnier introduced into evidence letters from State Farm to Leger which state that State Farm was paying Leger's medical bills pursuant to his UM coverage. Sonnier argued that he neither paid nor agreed to pay Leger any workers' compensation benefits following the January 21, 2002 accident. Sonnier introduced into evidence the policy of insurance issued by State Farm which covered the truck Leger was driving. The policy agrees to pay UM and med-pay benefits, but not as a substitute for workers' compensation benefits. Specifically, the UM policy provides:

THERE IS NO COVERAGE:

1.    TO THE EXTENT IT BENEFITS:

    a.    ANY WORKERS['] COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

    b.    A SELF-INSURER UNDER ANY WORKERS['] COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

The Workers' Compensation Judge (WCJ) granted Sonnier's exception in part and denied it in part. In deciding the issue of whether Sonnier and State Farm were solidary obligors, the WCJ stated:

> I am going to find that the payments by State Farm, as Mr. Sonnier's and the company's uninsured motorist payments, were made in lieu of compensation . . .. [B]eyond the fact that the UM carrier is making payments as a solidary obligor with the employer responsibility [sic] for those items of loss, there's also the additional fact that they're not completely strangers as solidary obligors. Payments were made on behalf of Mr. Sonnier, though through a different vehicle than a workers' compensation policy.
> So, I am making a finding that they were payments in lieu of compensation.

After ruling that Sonnier and State Farm were solidary obligors, the Workers'

2

Compensation Judge (WCJ) concluded that the payments made by State Farm to Leger had interrupted prescription as to Leger's claim against Sonnier for supplemental earnings benefits and medical expenses. The WCJ reasoned:

> [S]upplemental earning benefits are still payable within a three-year period under [La.R.S.] 23:1209. So, a claim may be maintained for supplemental earning benefits and medical expenses, there being payments made of the medical expenses. [La.R.S. 23:]1209, again, gives a three-year prescriptive period. But, actually suit was filed within a year of the last medical payment, so really there is no problem for the medical payment.

The WCJ interpreted La.R.S. 23:1209 to mean that since Leger filed his 1008 claim within three years of the last med-pay benefits paid by State Farm, Leger's claims for supplemental earnings benefits and medical expenses had not prescribed. Thus, the WCJ denied Sonnier's peremptory exception of prescription as to Leger's claim for supplemental earnings benefits and medical expenses.

With regard to Leger's claims for wage benefits, the WCJ stated:

> [t]he last wage payment was made in December of `03. So, it being more than a year of [sic] the last payment of wage benefits, any claims to total temporary disability, partial permanent disability, and permanent and total disability, would have prescribed as the last payment has to be made, or the suit needs to be filed within a year from the last payment made.

Because the last wage payment from State Farm to Leger was made in December of 2003, and since more than one year had passed before filing his 1008 claim, Leger's claims for temporary total disability, partial permanent disability, and permanent and total disability were barred by prescription[1]. Thus, the WCJ granted Sonnier's peremptory exception of prescription as to Leger's claims for wage and disability benefits. Sonnier appeals the judgment denying its peremptory exception of prescription as to supplemental earnings benefits and medical expenses.

---

[1]Sonnier agrees with this finding and does not challenge same on appeal.

## ISSUES

The following issues are presented by Sonnier for our review:

I.      Whether the WCJ erred in concluding that Sonnier and State Farm were solidary obligors.

II.     Whether the WCJ erred in ruling that Leger's claims for medical benefits and supplemental earnings benefits were not prescribed.

## LAW AND DISCUSSION

### *Standard of Review*

Ordinarily, when an appeal involves a ruling on a peremptory exception with contested issues of fact and "[w]hen evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Egle v. Egle*, 01-927, p.4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139 (quoting *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127,129). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the appellate court must decide whether the lower court's decision is legally correct or incorrect. *Sieferman v. State Farm Mut. Auto. Ins. Co.*, 01-439 (La.App. 3 Cir. 10/3/01), 796 So.2d 833 (citing *Huddleston v. Farmers Merchants Bank & Trust Co.*, 00-640 (La.App. 3 Cir. 11/1/00), 772 So.2d 356).

### *Solidary Obligors*

Louisiana Civil Code Articles 1799[2] and 3503[3] mandate that the interruption

---

[2]Louisiana Civil Code Article 1799 states that "the interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."

[3]Louisiana Civil Code Article 3503 states, in pertinent part, "when prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."

4

of prescription against one solidary obligor is effective against all solidary obligors. However, our jurisprudence recognizes certain instances where an employer and an insurer are not solidary obligors. The Louisiana Supreme Court in *A.Copeland Enterprises, Inc. v. Slidell Memorial Hospital*, 94-2011, p. 7 (La. 1995), 657 So.2d 1292, 1297, stated that "in order for an obligor to be bound, the obligation must be solidary and indivisible. An obligation is solidary among debtors when they are obliged to do the same thing, so that either may be compelled to perform the whole obligation, and payment by one exonerates the other" (citing La.Civ.Code art. 1794; *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575 (La.1982)).

Sonnier asserts that all payments received by Leger and/or his medical providers were made by State Farm pursuant to his UM policy, and not as payment on behalf of Sonnier as a workers' compensation benefit. Sonnier contends that it neither controlled nor influenced State Farm's making of payments to Leger; and further, that Leger was specifically made aware of the fact that the payments he received were made pursuant to his UM coverage through State Farm. Sonnier argues that the WCJ erred in denying its exception of prescription on the grounds that State Farm, as Sonnier's UM insurer, was a solidary obligor, and as such, its payments to Leger interrupted prescription. Leger has not filed an appellate brief.

Sonnier asserts that the jurisprudential definition of solidarity does not apply to Sonnier and its UM insurer, State Farm. We agree. Sonnier and State Farm have different obligations to Leger. Sonnier's obligation is to provide workers' compensation benefits; State Farm's obligation under the policy is to provide UM insurance. As stated in *Viada v. A & A Machine Works, Inc.*, 05-210, p. 6 (La.App. 4 Cir. 6/15/05), 914 So.2d 1113, 1117:

The claim plaintiff has against each entity–his workers' compensation

5

claim against his employer and its insurer, on one hand, and against the UM insurer of his employer's vehicle sounding in tort, on the other hand–arise from separate parts of Louisiana law. [Plaintiff's] claims are [against] different entities. The elements of damage to be compensated by the two insurers are not identical. For example, the UM insurer can compensate for pain and suffering, mental anguish, loss of consortium, and other items of special and general damage, that are specifically excluded from the scope of compensation under workers' compensation jurisprudence.

Thus, the employer's workers' compensation carrier and UM carrier are not solidary obligors. Each is not bound for the whole. The damages for which the UM carrier may be held here are different from those for which a workers' compensation carrier can be held.

Contrary to the findings of the WCJ, we do not agree that the payments made to Leger by State Farm obligate Sonnier for Leger's workers' compensations claims. Therefore, we find the WCJ erred in ruling that Sonnier and State Farm are solidary obligors.

### *Louisiana Revised Statutes 23:1209*

Louisiana Revised Statutes 23:1209[4] generally provides that a claim for

---

[4]Louisiana Revised Statutes 23:1209 provides:

A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

B. Any claim may be filed with the director, office of workers' compensation, by delivery or by mail addressed to the office of workers' compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.

workers' compensation benefits for personal injury is subject to a one-year prescriptive period; however, in cases where payments have been made by the employer or its insurer, said time limit does not expire until one year after the last payment is made.

In this matter, Leger's 1008 claim was not filed for nearly three years after the date of the accident and alleged injuries. Having determined that Sonnier and State Farm are not solidary obligors, and that Leger's 1008 claim was not filed within the one-year prescriptive period, we find that Leger's workers' compensation claim has prescribed. The WCJ erred by concluding that Leger's workers' compensation claim for supplemental earnings benefits and medical expenses had not prescribed.

## DECREE

For the foregoing reasons, the judgment of the WCJ is reversed. Leger's claim for workers' compensation benefits has prescribed. Costs of these proceedings are assessed against the Plaintiff/Appellee, Mike D. Leger.

**REVERSED.**

---

C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.

D. When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.