# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-999

STATE OF LOUISIANA O/B/O
RANETTA J. JACKSON
AUSTIN C. JACKSON
MINOR CHILDREN OF
JANICE L. JACKSON

VERSUS

BRENT C. JACKSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 2012-402552-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

Charles A. Riddle, III
District Attorney—Twelfth Judicial District
Renée Y. Roy
Assistant District Attorney
Twelfth Judicial District
417 North Main Street
Post Office Box 1200
Marksville, Louisiana 71351-1200
(318) 442-9200
COUNSEL FOR PLAINTIFF/APPELLANT:
    State of Louisiana, Department of Children
    and Family Services, Child Support Enforcement

**Clayton P. Schnyder, Jr.**
**410 South Rampart Street**
**New Orleans, Louisiana  70112**
**(504) 586-0005**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Brent C. Jackson**

**GENOVESE, Judge.**

In this child support enforcement case, the State of Louisiana, Department of Children and Family Services (DCFS), sought to register and enforce a child support judgment rendered on behalf of Janice L. Jackson in the state of Kansas on January 9, 2001. Defendant, Brent C. Jackson, ex-husband of Janice and father of the children, filed a peremptory exception of prescription. The trial court granted the exception of prescription and dismissed the action filed by DCFS. DCFS appeals. For the following reasons, we reverse and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Brent and Janice had two children: Ranetta Jackson, born February 21, 1983; and Austin Jackson, born May 13, 1994. On January 9, 2001, a Journal Entry Modifying Child Support was signed in the District Court of Leavenworth County, Kansas, wherein Brent's "monthly child support obligation [was] modified to the sum of **$337.00** per month beginning the **1st day of February, 2001**," and Janice was "granted a judgment in the amount of **$21,079.00** against [Brent] which represents unpaid child support for the period of January 1997 through January 2001[.]"

The instant matter stems from a proceeding initiated on January 18, 2012, by DCFS, pursuant to the Uniform Interstate Family Support Act (UIFSA),[1] to register the child support judgment against Brent rendered on behalf of Janice in Kansas on January 9, 2001. DCFS filed a Rule to Register and Enforce the Out of State Order against Brent, a resident of Louisiana and domiciliary of Avoyelles Parish.

In response, Brent filed Exceptions of No Right/No Interest in Plaintiff to Institute Suit and Prescription on June 26, 2012. Relative to the peremptory

---

[1]The UIFSA is embodied in Louisiana Children's Code Article 1301.1, *et seq.*

exception of prescription, Brent asserted: "These present proceedings were filed in Avoyelles Parish, Louisiana[,] in January 2012, some eleven (11) years after the out-of-state judgment had been obtained in the State of Kansas in 2001." Citing La.Civ.Code Art. 3501.1,[2] Brent argued that the efforts of DCFS to register and collect on the January 9, 2001 Kansas judgment were barred in Louisiana by prescription.

The hearing on Brent's exceptions was conducted on June 27, 2012. At the conclusion thereof, the trial court took the matter under advisement pending submission of post-trial memoranda. On July 27, 2012, the trial court issued its written Reasons for Ruling wherein it denied Brent's exceptions of no right of action and no cause of action, but granted his exception of prescription and dismissed the action filed by DCFS. The trial court's written Reasons for Ruling stated:

> Louisiana Children's Code Article 1306.4 provides that the law of the issuing state (Kansas) governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the Order. Children's Code Article 1306.4(B) provides that in a proceeding for arrearages, the prescriptive period under the law of this State or of the issuing State, whichever is longer applies. It is clear that in Louisiana the prescriptive period is ten years. Kansas law provides otherwise.
>
> The applicable statute is 60-2403 which provided, prior to July 1, 2007, that a child support Judgment became dormant if certain collection or enforcement actions were not taken for a period of five years. Once dormant, the Judgment would become void after the passage of two additional years unless the Judgment was revived during the two year period of dormancy. Kansas statute 60-2404 provides that if a Judgment becomes dormant, it could also be revived within two years of a child's emancipation.
>
> In the case at bar, the State of Louisiana is seeking to enforce a January 9, 2001 Judgment of the State of Kansas. On January 10, 2005, a Rule to Show Cause for Contempt and Past Due Support was filed in the Parish of Rapides; however, same was dismissed on the

---

[2]We note that in Brent's exception of prescription, he erroneously cites La.Civ.Code art. 3501; however, La.Civ.Code art. 3501.1 applies to child support judgment arrearages.

parties['] failure to appear. There was no attempt to revive the January 9, 2001 Judgment, other than the Rapides Parish filing, prior to July 1, 2007. Additionally, the youngest child, Austin, became emancipated on January 31, 2005. No action was taken until the filing of this action on June 27, 2012. Therefore, pursuant to applicable Kansas law, the Judgment of January 9, 2001 was prescribed under Kansas statute 60-2403 in its form prior to July 1, 2007.

Kansas statute 60-2403 was amended thereafter to provide that if a Judgment was not already void as of July 1, 2007, same would no longer be subject to being dormant. However, in the case at bar, as of July 1, 2007, the January 1, 2001 Judgment was dormant and prescribed pursuant to applicable Kansas law. The Louisiana [l]aw on prescription provides for a ten-year period which was longer at that time, however, no action was taken within the ten year period with the exception of [the] filing and a dismissal of the action in the Parish of Rapides. This filing and dismissal, along with correspondence from the Office of Children and Family Services indicating that Brent Jackson's case closed December 14, 2004[,] with a warrant issued in 2001 being executed December 8, 2004[,] is further evidence that there were no filings and/or collection efforts as of January 9, 2011. Again, this is clearly more than ten years pursuant to applicable Louisiana [l]aw.

. . . [T]he law is quite clear that pursuant to the laws of the State of Kansas applicable as of July 1, 2007[,] and the law in the State of Louisiana, this action is prescribed.

A concomitant judgment was signed the same day. DCFS appeals.

## ASSIGNMENTS OF ERROR

DCFS asserts the following assignments of error:

1) The trial court respectfully erred in finding that the 2001 Kansas Judgment against Brent C. Jackson was dormant and that it prescribed.

2) The trial court respectfully erred in stating that the youngest child, Austin Jackson, was emancipated in 2005 and that two years had passed thus barring a revivor.

3) The trial court respectfully erred in finding that 2001 Kansas Judgment had prescribed in accordance with the Louisiana [t]en year liberative prescription statute.

3

## LAW AND DISCUSSION

### *Standard of Review*

In *Leger v. Sonnier Exterminating Co.*, 05-1291, p. 4 (La.App. 3 Cir. 4/5/06), 926 So.2d 158, 161, *writ denied*, 06-1033 (La. 6/23/06), 930 So.2d 982, this court set forth the appellate standard of review applicable to a peremptory exception of prescription as follows:

> Ordinarily, when an appeal involves a ruling on a peremptory exception with contested issues of fact and "[w]hen evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Egle v. Egle*, 01-927, p. 4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139 (quoting *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the appellate court must decide whether the lower court's decision is legally correct or incorrect. *Sieferman v. State Farm Mut. Auto. Ins. Co.*, 01-439 (La.App. 3 Cir. 10/3/01), 796 So.2d 833 (citing *Huddleston v. Farmers Merchants Bank & Trust Co.*, 00-640 (La.App. 3 Cir. 11/1/00), 772 So.2d 356).

### *Prescription*

Louisiana Children's Code Article 1306.1 provides that "[a] support order or an income-withholding order issued by a tribunal of another state may be registered in this state for enforcement." Louisiana Children's Code Article 1306.4 (emphasis added) provides:

> A. The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order.

> B. In a proceeding for arrearages, the prescriptive period under the laws of this state or of the issuing state, **whichever is longer**, applies.

Louisiana Civil Code Article 3501.1 provides: "An action to make executory arrearages of child support is subject to a liberative prescription of ten years."

4

When the child support judgment at issue herein was signed in Kansas on January 9, 2001, Kansas Statute 60-2403[3] provided:

(a) (1) Except as provided in subsection (d), if a renewal affidavit is not filed or if execution, including any garnishment proceeding, support enforcement proceeding or proceeding in aid of execution, is not issued, within five years from the date of the entry of any judgment in any court of record in this state, including judgments in favor of the state or any municipality in the state, or within five years from the date of any order reviving the judgment or, if five years have intervened between the date of the last renewal affidavit filed or execution proceedings undertaken on the judgment and the time of filing another renewal affidavit or undertaking execution proceedings on it, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. Except as provided in subsection (b), when a judgment becomes and remains dormant for a period of two years, it shall be the duty of the clerk of the court to release the judgment of record when requested to do so.

(2) A "renewal affidavit" is a statement under oath, signed by the judgment creditor or the judgment creditor's attorney, filed in the proceedings in which the judgment was entered and stating the remaining balance due and unpaid on the judgment.

(3) A "support enforcement proceeding" means any civil proceeding to enforce any judgment for payment of child support or maintenance and includes, but is not limited to, any income withholding proceeding under the income withholding act, K.S.A. 23-4,105 through 23-4,118 and amendments thereto, or the interstate income withholding act, K.S.A. 23-4,125 through 23-4,137 and amendments thereto, any contempt proceeding and any civil proceeding under the revised uniform reciprocal enforcement of support act (1968), K.S.A. 23-457 *et seq.* and amendments thereto.

(b) (1) If a judgment for the support of a child becomes dormant before the child's emancipation, it shall be the duty of the clerk of the court to release the judgment of record when requested to do so only if the judgment has remained dormant for the period prior to the child's emancipation plus two years. When, after the child's emancipation, a judgment for the support of a child becomes and

---

[3]In 2007, Kansas Statute 60-2403(b) was amended and currently provides:

(b) Except for those judgments which have become void as of July 1, 2007, no judgment for the support of a child shall be or become dormant for any purpose except as provided in this subsection. If a judgment would have become dormant under the conditions set forth in subsection (a), the judgment shall cease to operate as a lien on the real estate of the judgment debtor as of the date the judgment would have become dormant, but the judgment shall not be released of record pursuant to subsection (a).

5

remains dormant for a period of two years, it shall be the duty of the clerk of the court to release the judgment of record when requested to do so.

(2) The provisions of this subsection shall apply only to those judgments which have not become void as of July 1, 1988.

(c) The time within which action must be taken to prevent a judgment from becoming dormant does not run during any period in which the enforcement of the judgment by legal process is stayed or prohibited.

(d) If a renewal affidavit is not filed or if execution is not issued, within 10 years from the date of the entry of any judgment of restitution in any court of record in this state, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. Except as provided in subsection (b), when a judgment becomes and remains dormant for a period of two years, it shall be the duty of the clerk of the court to release the judgment of record when requested to do so.

According to Kansas law:

The period of minority extends to all persons to the age of eighteen (18) years, except that every person sixteen (16) years of age or over who is or has been married shall be considered of the age of majority in all matters relating to contracts, property rights, liabilities and the capacity to sue and be sued.

Kansas Statute 38-101. Pursuant to Kansas Statute 38-108:

[T]he district courts for the several counties . . . shall have the authority to confer upon minors the rights of majority, concerning contracts and real and person property, and to authorize and empower minors to purchase, hold, possess and control in their own person and right, and without the intervention or control of a guardian or trustee, any goods, chattels, rights, interests in lands, tenements and effects by such minor lawfully acquired of inherited; and such minor shall have full power to hold, convey and dispose of the same, and to make contracts and be subject to all the liabilities incident thereto, sue and be sued, and in all respects to exercise and enjoy all the rights of property and of contracts in the same manner and to the same extent as persons at the age of majority.

Also pertinent to this matter is Kansas Statute 60-2404, which provides:

A dormant judgment may be revived and have the same force and effect as if it had not become dormant if the holder thereof files a motion for revivor and files a request for the immediate issuance of an execution thereon if such motion is granted. Notice of the filing of the motion shall be given as for a summons under article 3 of this chapter.

6

> If the motion for revivor was filed within two years after the date on which the judgment became dormant or, in the case of a child support judgment, was filed during the period prior to the child's emancipation, within two years after the child's emancipation or within two years after the judgment became dormant, whichever is later, on the hearing thereof the court shall enter an order of revivor unless good cause to the contrary be shown, and thereupon the execution shall issue forthwith. On the hearing of a motion to revive a child support judgment, the court may enter an order to prevent the unjust enrichment of any party or to ensure that payments will be disbursed to the real party in interest. A judgment may also be revived by the filing of a written stipulation of revivor signed by all of the parties affected thereby. For the purpose of this section, a support enforcement proceeding, as defined by K.S.A. 60-2403 and amendments thereto, or any attachment or garnishment process shall have the same effect as the issuance of an execution.

DCFS asserts that the trial court erred in ruling that its action had prescribed because the January 9, 2001 Kansas judgment, which it seeks to register and enforce here, was deemed to be dormant pursuant to Kansas law. DCFS contends that the trial court utilized an incorrect date of emancipation for Austin, which made the trial court conclude that the January 9, 2001 judgment was dormant pursuant to Kansas' law, thereby causing the trial court to apply Louisiana's ten-year prescriptive period and determine that DCFS's action, filed on January 18, 2012, had prescribed. We agree.

At the hearing of this matter, the parties did not dispute the relevant facts; however, it is evident from our review of the trial court's written Reasons for Ruling that a factual error was made causing the trial court to render an erroneous ruling. The trial court correctly stated that in a proceeding for arrearages, the controlling prescriptive period under La.Ch.Code art. 1306.4(B) is either the law of Kansas, the issuing state, or the law of Louisiana, whichever is longer. Further, the trial court was also correct in stating that according to Kansas Statute 60-2403, a child support judgment becomes dormant if not acted upon for five years and that it is capable of being revived until two years after the youngest child's

emancipation. While the trial court was correct in its interpretation of these provisions, it factually erred as to the date of the youngest child's emancipation.

The trial court's Reasons for Ruling stated that the youngest child, Austin, was emancipated on January 31, 2005. According to the record, Austin was born on May 13, 1994, and turned eighteen years old on May 13, 2012. The record in this proceeding is void of any evidence indicating that the period of minority for Austin ended by marriage at sixteen as prescribed by Kansas Statute 38-101, or that the rights of majority enumerated by Kansas Statute 38-108 were judicially conferred upon Austin earlier than his eighteenth birthday. Therefore, the trial court clearly erred in utilizing January 31, 2005, as the date of Austin's emancipation and in determining that Louisiana's ten-year prescriptive period applies to this matter. Thus, the trial court's judgment granting Brent's peremptory exception of prescription, which dismissed the action filed by DCFS, was erroneous. According to Kansas law, Janice has two years from May 13, 2012, to revive the January 9, 2001 child support judgment and seek its enforcement against Brent. Therefore, this case has not prescribed. Consequently, we reverse the trial court's judgment and remand for further proceedings.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded for further proceedings. Costs of this proceeding are assessed to Defendant/Appellee, Brent C. Jackson.

**REVERSED AND REMANDED.**