# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 13-389

PARIS MADISON

VERSUS

STATE OF LOUISIANA, DEPARTMENT
OF PUBLIC SAFETY AND CORRECTIONS,
RICHARD STALDER, RONNIE FUTRELL,
T.W. THOMPSON, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 218,252 "D"
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

JAMES T. GENOVESE
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

**Frank E. Barber**
**Attorney at Law**
**116 Field Street**
**New Iberia, Louisiana 70560-4487**
**(337) 256-8370**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Paris Madison**

**Linda Law Clark**
**DeCuir, Clark & Adams, L.L.P.**
**732 North Boulevard**
**Baton Rouge, Louisiana 70802**
**(225) 346-8716**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
  **State of Louisiana – Military Department**
  **Office of Risk Management on behalf of**
  **the National Guard, and James Welch**

**Laurel I. White**
**Louisiana Department of Justice**
**Litigation Division**
**Post Office Box 1710**
**Alexandria, Louisiana 71309-1710**
**(318) 487-5944**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
  **State of Louisiana, through the Department**
  **of Public Safety and Corrections,**
  **Richard Stalder, T.W. Thompson, Ronnie Futrell**
  **and William Black**

**GENOVESE, Judge.**

Plaintiff, Paris Madison, appeals the judgment of the trial court dismissing his tort claims against the Defendants, the State of Louisiana, Military Department (Military Department), the National Guard, and James Welch (now deceased) based on prescription. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Madison was an inmate housed at the Work Training Facility North (referred to as Dabadie), a prison operated by the Louisiana Department of Corrections (DOC). Dabadie is adjacent to Camp Beauregard, a National Guard Base operated by the Military Department which utilizes inmate labor from Dabadie. On March 8, 2000, Mr. Madison was performing laundry duty at Camp Beauregard, which entailed transporting baskets of laundry on the bed of a truck. The truck, being driven by Mr. Welch, hit a hole in the road causing Mr. Madison to fall from the vehicle and allegedly sustain injury.

After pursuing the mandatory administrative remedy procedure for inmates against the DOC, Mr. Madison filed a Petition for Judicial Review in the Nineteenth Judicial District Court (JDC) on July 7, 2000. In his Petition for Judicial Review, Mr. Madison named Mr. Welch, whom he erroneously believed to be a DOC employee, and the Commanding General, U.S. National Guard Base.[1] Only the DOC was served with the Petition for Judicial Review.

On April 17, 2001, Mr. Madison converted his action in the Nineteenth JDC into a tort claim against DOC and Mr. Welch, incorrectly identified as a DOC employee, and the National Guard. Service was requested to be made on DOC, Mr. Welch, and the National Guard.

---

[1]Also named as defendants were Richard Stalder, Ronnie Futrell, T.W. Thompson, and William Black; however, those claims are not relevant to the present proceedings.

The lawsuit in the Nineteenth JDC in East Baton Rouge Parish was transferred to the Ninth JDC in Rapides Parish by an August 16, 2004 order of the trial court. Once in the Ninth JDC, on April 11, 2005, Mr. Madison amended his pleadings to add the Military Department as a Defendant and to assert its liability for the negligent actions of Mr. Welch.

On August 28, 2012, a Motion to Dismiss and/or Motion for Summary Judgment was filed on behalf of the Military Department, the National Guard, and Mr. Welch asserting alternative grounds. The trial court granted the motion, dismissing Mr. Madison's claims based on prescription, and signed a judgment in accordance therewith on October 9, 2012. Subsequently, Mr. Madison filed a motion for new trial, which was denied by the trial court. The trial court issued Written Reasons for Denial of Motion for New Trial and Written Reasons for Ruling on Motion for Summary Judgment on December 14, 2012. Mr. Madison appeals the October 9, 2012 judgment of the trial court.

## ASSIGNMENTS OF ERROR

On Appeal, Mr. Madison presents the following assignments of error for our review:

I. The trial [court] erred in dismissing the STATE OF LOUISIANA – MILITARY DEPARTMENT because the plaintiff, after receiving reasonable knowledge of the involvement of the STATE OF LOUISIANA – MILITARY DEPARTMENT as a potential defendant filed suit within a year.

II. STATE OF LOUISIANA – MILITARY DEPARTMENT answered without raising any service of process deficiencies and therefore cannot be dismissed based on service of process deficiencies.

III. The trial [court] erred in dismissing the National Guard and James Welch, which defendants both answered the lawsuit and waived any claim to service or process deficiencies.

2

## LAW AND DISCUSSION

At the outset, we note that the parties dispute the appropriate standard of review to be applied in this case. Mr. Madison argues that the appropriate standard of review is de novo since the pleadings included a motion for summary judgment. On the other hand, the Military Department, the National Guard, and Mr. Welch argue that because the trial court granted the motion based on prescription, an abuse of discretion and manifest error standard is appropriate.

In this case, the motion before the trial court was titled a Motion to Dismiss and/or Motion for Summary Judgment, and evidence was introduced in support of the motion. It is evident from the record that after considering the alternative grounds asserted in the motion, the trial court's dismissal was based upon prescription.

> In *Leger v. Sonnier Exterminating Co.*, 05-1291, p. 4 (La.App. 3 Cir. 4/5/06), 926 So.2d 158, 161, *writ denied*, 06-1033 (La. 6/23/06), 930 So.2d 982, this court set forth the appellate standard of review applicable to a peremptory exception of prescription as follows:
>
> > Ordinarily, when an appeal involves a ruling on a peremptory exception with contested issues of fact and "[w]hen evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Egle v. Egle*, 01-927, p. 4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139 (quoting *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the appellate court must decide whether the lower court's decision is legally correct or incorrect. *Sieferman v. State Farm Mut. Auto. Ins. Co.*, 01-439 (La.App. 3 Cir. 10/3/01), 796 So.2d 833 (citing *Huddleston v. Farmers-Merchants Bank & Trust Co.*, 00-640 (La.App. 3 Cir. 11/2/00), 772 So.2d 356).

*State ex rel. Jackson v. Jackson*, 12-999, p. 4 (La.App. 3 Cir. 2/16/13), 110 So.3d 597, 599-600.

Mr. Madison first argues that a dismissal of the Military Department was erroneous because suit was filed against this entity "within one year after receiving reasonable knowledge of the involvement" of this entity. We disagree.

Louisiana Civil Code Article 2315 states that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." In the instant case, Mr. Madison claims he was injured when he fell from the vehicle transporting laundry on March 8, 2000. Accordingly, it was incumbent upon him to institute an action against the Military Department by March 8, 2001, which he failed to do.

The initial step taken by Mr. Madison was seeking redress through the Commissioner's Court. This action, taken on March 21, 2000, was in the course of the administrative remedy procedure for inmates. La.R.S. 15:1171-72. This was an administrative proceeding only involving the DOC. The Military Department was not a party to this action.

The second step taken by Mr. Madison was the filing of a Petition for Judicial Review in the Nineteenth JDC on July 7, 2000. That petition also did not include the Military Department as a party.

The next step to be taken by Mr. Madison was converting the action in the Nineteenth JDC into a tort action on April 17, 2001. As of this date, the Military Department had still not been named as a party to any claims being asserted by Mr. Madison.

On April 11, 2005, Mr. Madison amended his petition to name, for the first time, the Military Department as a Defendant. Thus, the record clearly reflects that the Military Department was not brought into this action until April 11, 2005, long after the one year prescriptive period had expired.

4

Mr. Madison contends that the Military Department knew of this action and, thus, was not "surprised by being 'added' as a defendant in 2005." Further, he argues that "[t]his failure to make a technical distinction between the party defendants herein should not be used as a vessel to now make some technical objection to the failure to name a party at some later date." However, the Military Department is a completely different and separate entity, unrelated to the DOC, which was the sole party to the administrative proceeding. The Military Department is also a completely different and separate entity from the National Guard, which was named as a Defendant when the conversion to a tort suit occurred. While knowledge of the distinction and association between these entities may have been somewhat difficult to ascertain, Mr. Madison failed to name the Military Department as a defendant until 2005.

Therefore, Mr. Madison argues, in the alternative, that his claim against the Military Department is timely under the theory that it "relates backs to the original filing and cures the prescription problem[,]" citing La.Code Civ.P. art. 1153.[2] Mr. Madison fails to identify the "original pleading." However, for the 2005 amendment to relate back and defeat the exception of prescription, the appeal of the administrative proceedings would have had to have been considered the "original pleading[,]" since the tort action in April 2001 was filed after the prescriptive period had run. We find no merit to this contention.

The Louisiana Supreme Court decision in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983), is the seminal case relative to the application of La.Code Civ.P.

---

[2]Louisiana Code of Civil Procedure Article 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

art. 1153 and the relation back theory. In *Ray*, 434 So.2d at 1086-87, the supreme court stated:

> In keeping with these precepts, we establish the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
>
> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

In the instant case, the *Ray* factors are not met. First, the original action was an administrative proceeding involving only Mr. Madison, a prisoner, who sought redress against the DOC. The second action, asserted in the district court, initially sought only a judicial review of the administrative proceeding. Once converted, that action then included a tort claim, and, although it mentions the same accident involving Mr. Madison, it then sought compensation from various parties for the personal injuries he allegedly sustained. The nature of the action was different, the remedy sought was different, and the parties were different. The Military Department did not have notice of the institution of the administrative proceedings, and it did not have notice of the tort claim until Mr. Madison named it as an additional defendant in 2005. Additionally, Mr. Madison did not simply "misname" a party such that the Military Department should have known that an action would have been brought against it. To the contrary, the Military

6

Department is a "wholly new or unrelated defendant" from the DOC, and Mr. Madison's tort claim is a "new cause of action" from that asserted in the administrative proceedings against the DOC. Given the facts, and based upon *Ray* and the subsequent jurisprudence applying La.Code Civ.P. art. 1153, we find that Mr. Madison's claims against the Military Department do not relate back to the filing of the original pleading such that it cures the running of the prescriptive period.

In his second assignment of error, Mr. Madison argues that the Military Department waived its right to challenge any service of process deficiencies by answering the lawsuit. We find this argument to be misplaced.

The trial court's dismissal of the Military Department was not on the grounds of service of process deficiencies. Rather, the trial court was clear that it was dismissing the Military Department because Mr. Madison's claims against it "had prescribed before proper service was made." Louisiana Code of Civil Procedure Article 927 identifies prescription as a peremptory exception which "may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both." La.Code Civ.P. art. 928. Therefore, the exceptions of prescription were timely raised.

Additionally, Mr. Madison's reliance on *Taylor v. LSU Medical Center*, 38,944 (La.App. 2 Cir. 10/14/04), 892 So.2d 581, *writ denied*, 05-480 (La. 5/20/05), 902 So.2d 1049, and its discussion of La.R.S. 13:5107 are not dispositive of the issues before this court. Louisiana Revised Statutes 13:5107 addresses time constraints for a defendant to raise issues relative to service. However, in this case, the trial court's dismissal was not grounded upon any procedural deficiencies in the service itself; rather, the dismissal was grounded upon Mr. Madison's failure to

7

timely serve the Military Department within the one year prescriptive period. As correctly expressed by the trial court, the Military Department was not properly served until **after** the prescriptive period had run.

Mr. Madison's final assignment of error asserts error by the trial court in dismissing the National Guard and Mr. Welch, again on the grounds that any claim of services of process deficiencies were waived by the filing of answers. However, as with the Military Department, the dismissal of the National Guard and Mr. Welch was not based upon deficient service of process; rather, the grounds for the dismissal of these Defendants was based upon Mr. Madison's failure to timely file suit within the one year prescriptive period. An exception of prescription is not waived by the filing of an answer. La.Code Civ.P. art. 928.

Mr. Madison argues that Mr. Welch was named within the one year prescriptive period since he was named in the administrative proceeding. Although Mr. Welch was included and listed as an employee of the DOC, this designation was erroneous. Mr. Welch was improperly named as he was not an employee of DOC, he was not a party to that proceeding, and he was not served in that proceeding. Also, when Mr. Welch was named in Mr. Madison's Petition for Judicial Review filed in the Nineteenth JDC, he was still erroneously identified as a DOC employee and service upon him was not perfected. Although Mr. Welch was named in the tort suit in 2001 (after the prescriptive period had run), he was still incorrectly identified as a DOC employee and service upon him was requested through DOC. It was not until April 2005 that Mr. Madison named, correctly identified, and served Mr. Welch. Given that the one year prescriptive period ran as of March 8, 2001, the claims against Mr. Welch were untimely. La.Civ.Code art. 3492.

The National Guard was also first brought into these proceedings in April 2001. Thus, for the reasons set forth above, the claims against this entity were likewise untimely. *Id.*

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court dismissing the claims asserted by Paris Madison against the State of Louisiana, Military Department, the National Guard, and James Welch based on prescription. All costs of these proceedings are assessed to Paris Madison.

**AFFIRMED.**